**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**




| | | |
|---|---|---|
| CHARLES L. STRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:20-cv-01898 (UNA) |
| | ) | |
| JOHN DOWNY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous, and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction).

Plaintiff is a resident of Jackson, Mississippi. He sues several judges and court staff affiliated with the United States Court of Appeals for the Fifth Circuit and the United States District Courts for the Southern District of Mississippi and the and Eastern District of Louisiana. He also sues the Mississippi Attorney General, a Mississippi Narcotics Bureau agent, and a Mississippi District Attorney. He alleges that "federal and state, city and county law enforcement . . . are involved in [a] conspiracy" waged against him. He attempts to bring claims for "Fraud, Bribery, Witness Tampering, Evidence Tampering, Perjury, in violation of ("RICO") 18 U.S.C. § 1961(a), (b), and (c) of the statute and the Hobbs Act." In furtherance, he states that defendants have

"conspired to go alone with the Mississippi Sovereignty Commission plan to chastise[,] belittle[,] harass[,] and obstruct justice in ever[y] single civil and criminal case[] the plaintiff has." He contends that, although the Mississippi Sovereignty Commission disbanded in 1972, it nonetheless covertly exists as the Mississippi Bureau of Narcotics, serving to infiltrate the government. He requests that this court issue various orders restraining defendants and initiating a criminal indictment against them. He also seeks monetary damages.

First, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant complaint fits this standard.

Second, to the extent that plaintiff seeks to revisit the decisions of other federal courts, this court again lacks jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986));

*Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Third, judges and court staff are absolutely immune from suits for money damages for all actions taken in a judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991). Courts have further specified that RICO claims are barred under the doctrine of judicial immunity. *See, e.g., Thomas v. Wilkins,* 61 F. Supp. 3d 13 (2014). "RICO claims must be denied if they simply constitute another way of attacking a judge's rulings," and that judicial immunity "applies where the RICO-challenged acts are judicial in nature." *Id.* at 20 (internal citations omitted).

Fourth, plaintiff may not initiate criminal proceedings against defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same). Similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Last, it appears that all named parties reside in Mississippi or Louisiana. Therefore, the ability of this court to exercise personal jurisdiction over them is unclear, *see* Fed. R. Civ. P. 12(b)(2); *International Shoe Co. v Washington*, 326 U.S. 310 (1945), particularly given that plaintiff has failed to provide addresses of the named defendants as required by the Local Rules of this court. *See* LCvR 5.1(c)(1) (a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party.").

For all of the aforementioned reasons, this case will be dismissed. A separate order of dismissal accompanies this memorandum opinion.

_________/s/_____________
JAMES E. BOASBERG
United States District Judge

Date: July 27, 2020